IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NUO NUCULOVIC,** | : |
| Petitioner | : CIVIL NO. 1:CV-07-0703 |
| v. | : (Judge Rambo) |
| **MICHAEL CHERTOFF, Secretary of the United States Department of Homeland Security and THOMAS DECKER, Director of Detention and Removal, United States Bureau of Immigration and Customs Enforcement** | : |
| Respondents | : |

# **M E M O R A N D U M**

## I.   Introduction

Petitioner, Nuo Nuculovic, a Bureau of Immigration and Customs Enforcement ("ICE") detainee, commenced this action *pro se* by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 on April 16, 2007.  Petitioner is challenging his continued ICE detention pending removal.

Petitioner has been ordered removed from the United States, and he is seeking release from ICE custody pending his removal.  Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner alleges that there is no reasonable likelihood of his removal in the reasonably foreseeable future, thus he should be released under ICE supervision. He further argues that his continued detention violates substantive due process.  For the following reasons, the petition will be dismissed.

## II.   Background

The following facts are extracted from the habeas petition (Doc. 1).  Petitioner was born in an Italian refugee camp in 1973.  Petitioner's parents were from Yugoslavia (present day Montenegro).  An immigration judge found that Petitioner is

a native of Italy and a citizen of Serbia Montenegro. Petitioner entered the United States on or about March of 1973 as a refugee. On September 7, 2006, an immigration judge ordered Petitioner removed from the United States on grounds that he had been convicted of a crime which constituted a removable offense. Petitioner's appeal of the removal order to the Board of Immigration Appeals was denied on November 29, 2006. ICE subsequently took Petitioner into custody on December 22, 2006. Petitioner represents that ICE has not been able to remove him to Italy because Italy does not recognize him as a citizen and will not issue travel documents for him. Similarly, Montenegro does not recognize Petitioner as a citizen and has refused, on a number of occasions, to issue travel documents for him.

Petitioner received a custody review on March 22, 2007, and he was denied release. During the review, Petitioner claims that ICE informed him that it expected Serbia to issue travel documents for him. Serbia has not done so to date. Petitioner contends that there is no significant likelihood of his removal occurring in the reasonably foreseeable future and that his continued detention is unjustifiable. The court cannot agree.

**III. Discussion**

    **A. Summary Dismissal of Habeas Petition**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If, after its prompt review of the petition before service the district court concludes that the

petitioner's claims are meritless, it must dismiss the petition and close the case. *McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### B. Petitioner's Request for Release

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a)(1)(A), an alien must be detained during the 90-day "removal period." The removal period begins to run on the latest of (1) the date the order of removal becomes administratively final, (2) if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. § 1231(a)(1)(B). If an alien is not deported during the 90-day removal period, the alien may be released under continued supervision, § 1231(a)(3), or the Attorney General may continue to detain the alien, § 1231(a)(6).

Such detention may not continue indefinitely, however. In *Zadvydas*, the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period, or detention is permitted only for a period reasonably necessary to effectuate the alien's deportation. 533 U.S. at 689. Reasoning that the indefinite detention of aliens would raise serious constitutional concerns, the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.

To establish uniformity in the federal courts, the Court recognized six months as a presumptively reasonable period of detention. *Id*. at 701. The Court further directed that if the alien provides good reason to believe that there is no significant

3

likelihood of deportation in the reasonably foreseeable future at the conclusion of the six month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. This paradigm does not mean that every alien not removed after six months must be released. Rather, an alien may continue in detention beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Following the Supreme Court's decision in *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. §§ 241.13, 241.4. Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. § 241.4(k)(1)(i). When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to ICE Headquarters Post-Order Detention Unit for further custody review. §§ 241.4(k)(l)(ii), 241.4(c)(2). In cases where continued detention beyond six months is required, as *Zadvydas* anticipated would sometimes occur, custody reviews shall continue within ICE at intervals set by regulation. § 241.4(k)(2)(iii).

Petitioner was taken into custody on December 22, 2006. Ninety days later, on March 22, 2007, he received his first mandatory custody review by ICE. His detention has continued to date. His detention is "presumptively reasonable" because he has not yet been held for longer than six months. *See Zadvydas*, 533 U.S. at 701; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."). The six-month mark will arrive on June 20, 2007. A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature. *Ali v. Barlow*, 446 F. Supp. 2d 604, 609

(E.D. Va. 2006).

Moreover, Petitioner has not shown that his removal is not reasonably foreseeable because his potential outlet to Serbia is not foreclosed.  An alien is not required to show that deportation will prove impossible or that there is no prospect that removal will occur.  *Zadvydas*, 533 U.S. at 702.  To the contrary, to survive summary review of his habeas petition, an alien must allege facts sufficient to show that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  Kestutis Zadvydas made that showing.  He was born of Lithuanian parents in a camp for displaced persons situated in Germany in 1948.  *Id.* at 684.  He came to the United States as a child and remained with resident alien status.  *Id.*  In 1994, he was ordered deported to Germany.  *Id.*  Germany would not accept him because he was not a German citizen.  *Id.*  Lithuania would not accept him because he was not a Lithuanian citizen or permanent resident.  *Id.*  Zadvydas's wife's home country of the Dominican Republic refused to accept him as well.  *Id.*  It appears that these three countries were the only ones that legitimately might have accepted Zadvydas.  He was kept in INS custody during the pendency of the government's attempts to remove him to a willing country, long after the removal period had expired.  *Id.*

Here, Petitioner has alleged that his removal process is encountering similar barriers.  He entered the United States as a refugee.  His parents were from Yugoslavia, now Montenegro, but he was born in an Italian refugee camp.  Neither Montenegro nor Italy will provide him with travel documents allowing his removal process to be complete.  The possibility that Serbia will issue him travel documents, however, is not foreclosed.  According to Petitioner, ICE informed him that it "expects Serbia to issue travel documents for [him]." (Doc. 1 ¶ 21.)  Petitioner's claim that this possibility "is not supported by the . . . facts" (*id.*) is itself

5

unsupported. On the face of the instant petition, the court concludes that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future because ICE may, in fact, work out an arrangement with Serbia to send him there. Unlike Zadvydas, there is still a potentially willing country to which Petitioner may be removed.

## IV.   **Conclusion**

For the reasons stated above, the court will dismiss the instant petition as premature, without prejudice to Petitioner's ability to file a new petition in the future.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  June 5, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NUO NUCULOVIC,**

    **Petitioner**

v.

**MICHAEL CHERTOFF, Secretary of the United States Department of Homeland Security and THOMAS DECKER, Director of Detention and Removal, United States Bureau of Immigration and Customs Enforcement**

    **Respondents**

CIVIL NO. 1:CV-07-0703

(Judge Rambo)

## O R D E R

**AND NOW**, in accordance with the foregoing memorandum**, IT IS HEREBY ORDERED THAT:**

1)  The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**, without prejudice, under Rule 4 of the Rules Governing Habeas Petitions.

2) The Clerk of Court is directed to close this case.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: June 5, 2007.